**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4376**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COREY LEEVON OAKES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:06-cr-00003)

Submitted:  November 30, 2007       Decided:  December 21, 2007

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina; Fredilyn Sison, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Corey Leevon Oakes entered a conditional guilty plea to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 2007); possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (2000); and possession of ephedrine and acetone with the intent to manufacture methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (c) (West 1999 & Supp. 2007). Oakes reserved the right to challenge on appeal the district court's denial of the motion to suppress the evidence seized from his truck during a traffic stop. He asserts that officers violated his Fourth Amendment rights by detaining him without reasonable suspicion. Finding no reversible error, we affirm.

We review the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006). A routine and lawful traffic stop permits an officer to detain the motorist to request a driver's license and vehicle registration, to run a computer check, and to issue a citation.

- 2 -

<u>United States v. Brugal</u>, 209 F.3d 353, 358 (4th Cir. 2000) (en banc). To further detain the driver requires a reasonable suspicion on the part of the investigating officer that criminal activity is afoot. <u>Id.</u>; <u>see</u> <u>Florida v. Royer</u>, 460 U.S. 491, 498 (1983). In determining whether there was reasonable suspicion, the court must look at the totality of the circumstances. <u>Illinois v. Wardlow</u>, 528 U.S. 119, 125-26 (2000); <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989). With these standards in mind, we have reviewed the parties' briefs and the record on appeal and conclude that the district court did not err in denying Oakes' motion to suppress.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>